IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:10-CV-108-FL

| | |
|---|---|
| CARLTON BELLAMY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on the parties' cross-motions for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure (DE ## 27, 33). Pursuant to 28 U.S.C. § 636(b)(1), United States Magistrate Judge William A. Webb entered a memorandum and recommendation ("M&R") (DE # 35), in which he recommends the court deny plaintiff's motion and grant defendant's motion. Plaintiff timely objected to the M&R, and defendant responded. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court adopts the magistrate judge's recommendation to uphold the final decision of the Commissioner.

**STATEMENT OF THE CASE**

Plaintiff filed an application for Disability Insurance Benefits ("DIB") on December 19, 2006, alleging disability beginning January 1, 2000. Plaintiff's claim was denied initially and upon reconsideration. On December 14, 2009, plaintiff appeared before an administrative law judge ("ALJ"). Plaintiff was represented by counsel, and a vocation expert ("VE") testified. The ALJ issued a decision denying plaintiff's application on August 14, 2009, and the Appeals Council

denied plaintiff's request for review on June 15, 2010. Accordingly, the ALJ's determination following hearing is the final decision of the Commissioner.

After being granted *in forma pauperis* status, plaintiff filed complaint in this court on August 13, 2010. Defendant answered on November 2, 2010, filing the administrative record below. Plaintiff moved for judgment on the pleadings on January 3, 2011, and defendant followed suit on April 8, 2011. The matter was referred to the magistrate judge, who entered his M&R on June 7, 2011. Plaintiff's objections were filed approximately fourteen (14) days later, to which defendant timely responded.

## DISCUSSION

A.  Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review the Commissioner's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

To assist it in its review of the Commissioner's denial of benefits, this court has "designate[d] a magistrate judge . . . to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The court will "make a *de novo* determination of those portions of the report or specified

2

proposed findings or recommendations to which objection is made." Id. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b)(2), (3). Absent a specific and timely filed objection, the court will review portions of the M&R only for "clear error," and need not give any explanation for adopting the reasoning of the magistrate judge. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful consideration of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

B.  Analysis

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform her past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the claimant during the first four steps of the inquiry, but shifts to the Commissioner at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In this case, the ALJ determined at step one that plaintiff was not engaged in substantial gainful activity. At step two, the ALJ determined that plaintiff suffered from the following severe impairments: history of lumbar surgery, hypertension, and lumbago. At step three, the ALJ found that plaintiff's severe impairments did not meet or medically equal a listed impairment. The ALJ further found that claimant had the residual functional capacity ("RFC") to perform work at the medium to light exertional levels. Based on the testimony of the VE, the ALJ concluded at step

3

four that this RFC would allow plaintiff to return to past relevant work as a truck driver. As such, he concluded that plaintiff was not disabled without proceeding to step five.

In his motion for judgment on the pleadings, plaintiff contends that the ALJ erred by (1) failing to properly consider all relevant evidence, including MRI images and an opinion from plaintiff's treating surgeon; and (2) failing to consider plaintiff's obesity. The magistrate judge rejected these arguments, concluding that substantial evidence supported the ALJ's determination and that there was no suggestion in the record that plaintiff was obese or that his weight imposed disabling functional limitations. Plaintiff objects to the magistrate judge's conclusions on both points. Upon *de novo* review, the court concludes that these objections are without merit.

1. The ALJ's Consideration of Relevant Evidence

Plaintiff contends that the ALJ improperly failed to consider the following two statements made in 2001 by the surgeon who performed plaintiff's 1999 back surgery:[1] (1) "[The insurance company's] refusal to allow [plaintiff] to have therapy is slowing down his progress and may interfere with his eventual result;" and (2) "[Plaintiff is] going back to school to learn how to do something different than his previous occupation and I certainly agree with that. I don't think he is going back to his previous occupation." Plaintiff further argues that MRI records support the surgeon's opinion that plaintiff could not return to past relevant work and are consistent with plaintiff's allegations of continuing pain.

"While the ALJ must evaluate all of the evidence in the case record, the ALJ is not required to comment in the decision on every piece of evidence in the record, and the ALJ's failure to discuss

---

[1] Plaintiff also argues that the ALJ failed to consider a third statement by the physician that "[plaintiff] is improving but he still has some radicular problems in the left thigh. I don't think that this is going to be changing." Contrary to plaintiff's argument, the ALJ did in fact discuss this statement. See Tr. 3-4.

4

a specific piece of evidence is not an indication that the evidence was not considered." Brewer v. Astrue, No. 7:07-CV-24-FL, 2008 WL 4682185, at *3 (E.D.N.C. Oct. 21, 2008) (citing Green v. Shalala, 51 F.3d 96, 101 (7th Cir. 1995)). Nevertheless, the ALJ is required to discuss and weigh relevant evidence when it is in conflict with other evidence or when it directly undermines the result reached by the ALJ. See, e.g., Murphy v. Bowen, 810 F.2d 433, 437 (4th Cir. 1987); Gordon v. Schweiker, 725 F.2d 231, 235-36 (4th Cir. 1984).

In this case, the court cannot conclude that the ALJ erred in failing to specifically mention the two statements referenced above. The statements are speculative, and do not purport to offer any "medical opinion" relevant to the disability determination. See 20 C.F.R. § 404.1527(a) ("Medical opinions are statements from physicians . . . that reflect judgments about the nature and severity of your impairment(s) . . . ."); see also SSR 96-2p, 1996 WL 374188, at *2 (July 2, 1996) (noting that only "opinions about the nature and severity of an individual's impairment(s)" are entitled to controlling weight). Although the ALJ did not cite these speculative statements regarding plaintiff's potential progress and possible inability to return to a different previous occupation, he did discuss the surgeon's treatment notes in detail.[2] These notes demonstrate that plaintiff was recovering from the surgery, and provide substantial evidence supporting the ALJ's ultimate conclusions. Accordingly, the ALJ's failure to discuss the identified statements form no basis to remand to the commissioner.

Plaintiff also argues that the ALJ failed to discuss two MRIs in determining whether plaintiff's allegations of pain were credible. Under well-settled law, an ALJ employs a two-step

---

[2] As both plaintiff and defendant note, the surgeon's statement that he didn't "think [plaintiff] is going back to his previous occupation" referred to his time spent as a shipping clerk. The ALJ did not conclude that plaintiff could return to his job as a shipping clerk, but instead that he could work as a truck driver. See also Tr. 39.

process in evaluating the intensity, persistence, and limiting effects of symptoms on a claimant's ability to perform basic work. See Craig, 76 F.3d at 594; SSR 96-7p, 1996 WL 374186 at *2 (July 2, 1996). "First, the ALJ must determine whether medically determinable mental or physical impairments can produce the symptoms alleged. Second, the ALJ must evaluate the claimant's testimony about his subjective experiences." Fisher v. Barnhart, 181 F. App'x 359, 363 (4th Cir. 2006) (per curiam) (citing Craig, 76 F.3d at 591-96). The ALJ must consider the entire record in making this determination. 20 C.F.R. § 404.1529(c); SSR 96-7p, 1996 WL 374186 at *4.

Nothing in the MRIs alters the ALJ's analysis of plaintiff's credibility. The ALJ concluded that plaintiff's medically determinable impairments could be expected to cause plaintiff's pain, which is consistent with the MRI results. See, e.g., Geigle v. Sullivan, 961 F.2d 1395, 1397 (8th Cir. 1992) ("The MRI results provided objective medical support for Geigle's subjective complaints of . . . neck pain . . . ."). But there is no indication that the MRIs offer any insight into the severity of that pain. Instead, the ALJ properly concluded that plaintiff's subjective statements regarding the severity of his pain were inconsistent with his statements regarding his daily life activities, examination findings from the Durham Veterans Affairs ("VA") Medical Center, and the assessments of two medical consultants. As such, the ALJ committed no error.

2. Obesity

Plaintiff also contends that the ALJ failed to consider obesity in conjunction with the other impairments of record. The magistrate judge rejected this argument, and distinguished this case from James v. Astrue, No. 7:09-CV-15-FL, 2009 WL 4827417 (E.D.N.C. Dec. 11, 2009). The magistrate judge noted that although plaintiff was diagnosed as "overweight," he had not been diagnosed as "obese." He also noted that the evidence showed no disabling functional limitations

6

caused by plaintiff's weight. In his objections to the M&R, plaintiff suggests that an ALJ is required to consider obesity as a potentially disabling condition, even if the claimant has not been diagnosed with obesity, if the medical evidence shows that the claimant is overweight.

Obesity is no longer a listed impairment, but it is still "consider[ed] . . . a medically determinable impairment" whose effects must be considered when evaluating disability. See SSR 02-1p, 2002 WL 34686281, at *1 (Sept. 12, 2002). "When establishing the existence of obesity, [the ALJ] will generally rely on the judgment of a physician who has examined the claimant and reported his or her appearance and build, as well as weight and height." Id. at *3.

> When the evidence in a case does not include a diagnosis of obesity, but does include clinical notes or other medical records showing consistently high body weight or BMI, we may ask a medical source to clarify whether the individual has obesity. However, in most such cases we will use our judgment to establish the presence of obesity based on the medical findings and other evidence in the case record, even if a treating or examining source has not indicated a diagnosis of obesity. Generally, we will not purchase a consultative examination just to establish the diagnosis of obesity.

Id.

In this case, plaintiff was noted as being "overweight" on more than one occasion. But these passing comments in the record, as identified by the parties, are barely sufficient to alert the ALJ to the possibility of obesity at the time of his impairment. In that respect, the magistrate judge is correct that this case differs significantly from James. This case is also differs from Stemple v. Astrue, 475 F. Supp. 2d 527, 540 (D. Md. 2007), in which the ALJ did not proceed past the second step of the sequential evaluation sequence, or Boston v. Barnhart, 332 F. Supp. 2d 879, 887 (D. Md. 2004), in which "plaintiff's examiners and treating physicians consistently note[d] his disability throughout the record." Instead, this case most closely resembles myriad out-of-circuit

cases in which an ALJ's failure to discuss "obesity," assuming the claimant could be diagnosed with such a condition, is upheld as harmless error where the claimant does not allege obesity or testify about any limitations resulting from his weight. See, e.g., Hisle v. Astrue, 258 F. App'x 33, 37 (7th Cir. 2007); Davis v. Barnhart, 197 F. App'x 521, 522 (8th Cir. 2006). Accordingly, the court will uphold the ALJ's determination, which was based on substantial evidence indicating that plaintiff's weight imposed no limitations on his ability to work.

## CONCLUSION

Upon *de novo* review of the M&R, the court ADOPTS as its own the findings and recommendations of the magistrate judge (DE # 35). Accordingly, and for the reasons set forth above, plaintiff's motion for judgment on the pleadings (DE # 27) is DENIED and defendant's motion for judgment on the pleadings (DE # 33) is GRANTED. The final decision of the Commissioner is upheld. The Clerk is directed to close this case.

SO ORDERED, this the 25 day of August, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge